**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4647**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

RICKY AARON STAMEY,

                Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Richard L. Voorhees, Senior District Judge.  (5:10-cr-00062-FDW-DSC-1)

Submitted:  June 28, 2019                Decided:  July 15, 2019

Before NIEMEYER and MOTZ, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Anthony Martinez, Federal Public Defender, Ann L. Hester, Caryn Devins Strickland, Assistant Federal Public Defender, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant.  R. Andrew Murray, United States Attorney, Anthony J. Enright, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ricky Aaron Stamey appeals the 24-month upward-variant sentence imposed by the district court upon revocation of his supervised release. On appeal, Stamey argues that the court did not sufficiently explain the chosen sentence, improperly considered the Government's argument with respect to the impact of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc) on Stamey's original sentence, and did not consider his nonfrivolous arguments for a within-policy-statement range sentence. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). "We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (internal quotation marks omitted). "To consider whether a revocation sentence is plainly unreasonable, we first must determine whether the sentence is procedurally or substantively unreasonable." *Id.*

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the . . . Chapter Seven policy statements and the applicable [statutory sentencing] factors," *id.* (footnote omitted), and "explain[s] why [any] sentence outside of the [policy statement] range better serves the relevant sentencing [factors]," *id.* at 209 (internal quotation marks omitted); *see* 18 U.S.C. § 3583(e) (2012) (specifying 18 U.S.C. § 3553(a) (2012) factors relevant to supervised release revocation). Furthermore, the court also "must address the parties' nonfrivolous arguments in favor of a particular sentence, and if the court rejects those arguments, it

2

must explain why in a detailed-enough manner that this [c]ourt can meaningfully consider the procedural reasonableness of the revocation sentence imposed." *Slappy*, 872 F.3d at 208. "[W]here a court entirely fails to mention a party's nonfrivolous arguments in favor of a particular sentence, or where the court fails to provide at least some reason why those arguments are unpersuasive, even the relaxed requirements for revocation sentences are not satisfied." *Id.* at 209. Only if a sentence is either procedurally or substantively unreasonable is a determination then made as to whether the sentence is plainly unreasonable. *Id.* at 208.

We conclude that Stamey's upward-variant revocation sentence is procedurally reasonable. The district court weighed the appropriate factors when it considered Stamey's history and characteristics, his breach of the court's trust, and the need for adequate deterrence and to protect the public. Moreover, the record does not support Stamey's assertion that the court improperly considered the Government's argument regarding the impact of our decision in *Simmons* on Stamey's original sentence. *See United States v. Carter*, 564 F.3d 325, 329 (4th Cir. 2009). As for Stamey's nonfrivolous arguments, our review of the record reveals that the district court considered those arguments when it acknowledged Stamey's employability, his family support system, the role he plays in his children's lives, his struggles with substance abuse, and his need for treatment. *See United States v. Gibbs*, 897 F.3d 199, 205 (4th Cir. 2018).

Accordingly, we affirm the district court's revocation judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*